IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 5:22-CV-320-D

| | |
|---|---|
| DAVID BLACKWELDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| THE NORTH CAROLINA STATE ) | |
| BOARD OF ELECTIONS, ) | |
| ) | |
| Defendant. ) | |

On August 12, 2022, David Blackwelder ("Blackwelder" or "plaintiff") filed an action against the North Carolina State Board of Elections ("NCBOE" or "defendant") alleging violations of the First and Fourteenth Amendment [D.E. 1]. On September 6, 2022, the NCBOE moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1), (b)(2), and (b)(6) [D.E. 11] and filed a memorandum and declaration in support [D.E. 12–13]. On September 7, 2022, the court sent Blackwelder a Rule 12 letter [D.E. 14]. On September 29, 2022, Blackwelder responded in opposition [D.E. 15]. On October 13, 2022, the NCBOE replied and filed another declaration in support [D.E. 16–17]. As explained below, the action is moot and Blackwelder lacks standing. Thus, the court grants the NCBOE's motion to dismiss and dismisses Blackwelder's action.

I.

On May 17, 2022, the Wake County Board of Elections completed its election canvass for the 2022 county primary elections. See [D.E. 13] ¶ 5. On May 27, 2022, the Wake County Board of Elections declared the results of the primary. See id. On June 9, 2022, the NCBOE conducted a statewide canvass and issued a certificate of nomination, certifying Lorrin Freeman ("Freeman")

as the Democratic nominee to be placed on the ballot for the November 8, 2022 general election for Wake County District Attorney. See id. at ¶ 6; [D.E. 13-2] 2.

On July 22, 2022, the NCBOE received a candidate challenge from Blackwelder concerning Freeman's candidacy. See [D.E. 13] ¶ 7; [D.E. 13-3] 3–8. On July 25, 2022, NCBOE deputy general counsel, Lindsey Wakely, informed Blackwelder that his candidate challenge was untimely and provided him with N.C. Gen. Stat. § 163-127.2, the Candidate Challenge Procedures Guide, and the Election Protest Procedures Guide. See [D.E. 13] ¶ 7; [D.E. 13-3] 2, 10–26. Under N.C. Gen. Stat. § 163-127.2(a), "a challenge to a candidate" must be made "no later than 10 business days after the close of the filing period for notice of candidacy or petition." N.C. Gen. Stat. § 163-127.2(a).

On July 29, 2022, Blackwelder filed an elections protest with the Wake County Board of Elections contesting the results of the May 17, 2022 primary election for Wake County District Attorney. See [D.E. 13] ¶ 5; [D.E. 13-4] 2–8. On July 31, 2022, NCBOE general counsel, Paul Cox, notified Blackwelder that the Wake County Board of Elections referred his protest to the NCBOE because county boards may not consider untimely protests. See [D.E. 13] ¶ 5; [D.E. 13-5] 2. Pursuant to N.C. Gen. Stat. § 163-182.9, an election protest concerning "an irregularity other than vote counting or result tabulation . . . shall be filed no later than 5:00 P.M. on the second business day after the county board has completed its canvass and declared the results." N.C. Gen. Stat. § 163-182.9.

On August 12, 2022, Blackwelder filed an action against the NCBOE in this court alleging violations of the First and Fourteenth Amendment. [D.E. 1]. On September 6, 2022, the NCBOE moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1), (b)(2), and (b)(6) and filed a memorandum and declaration in support. [D.E. 11–13].

2

Case 5:22-cv-00320-D-BM Document 19 Filed 12/29/22 Page 2 of 6

II.

As for Blackwelder's motion to dismiss under Rule 12(b)(1), Rule 12(b)(1) tests subject-matter jurisdiction, which is the court's "statutory or constitutional power to adjudicate the case." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 89 (1998) (emphasis omitted). A federal court "must determine that it has subject-matter jurisdiction over [a claim] before it can pass on the merits of that [claim]." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). When considering a Rule 12(b)(1) motion, the "court may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." White Tail Park, Inc. v. Stroube, 413 F.3d 451, 459 (4th Cir. 2005) (quotation omitted); see Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). A plaintiff must establish that this court has subject-matter jurisdiction. See, e.g., Steel Co., 523 U.S. at 103–04; Evans, 166 F.3d at 647; Richmond, Fredericksburg & Potomac R.R. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). However, "when a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged [in the complaint and any additional materials]." Kerns v. United States, 585 F.3d 187, 193 (4th Cir. 2009).

"Federal courts have no power to hear moot cases . . . ." Brooks v. Vassar, 462 F.3d 341, 348 (4th Cir. 2006). A case generally "becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Nakell v. Att'y Gen. of N.C., 15 F.3d 319, 322 (4th Cir. 1994) (quotations omitted).

A controversy is not considered moot if the issue presented is one that is capable of repetition, yet evading review. See S. Pac. Terminal Co. v. ICC, 219 U.S. 498, 515 (1911). A controversy is capable of repetition, yet evading review when: "(1) the challenged action [is] in its

3

duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again." Weinstein v. Bradford, 423 U.S. 147, 149 (1975) (per curiam); see Sierra Club v. Martin, 110 F.3d 1551, 1554 (11th Cir. 1997).

The court assumes without deciding that Blackwelder has met the first prong of the capable of repetition, yet evading review test. See, e.g., Lawrence v. Blackwell, 430 F.3d 368, 371 (6th Cir. 2005) ("Challenges to election laws are one of the quintessential categories of cases which usually fit this prong because litigation has only a few months before the remedy sought is rendered impossible the occurrence of a relevant election."); Morse v. Republican Party of Va., 517 U.S. 186, 235 n.48 (1996); Speer v. City of Or., 847 F.2d 310, 311 (6th Cir. 1988). Blackwelder, however, has not met the second prong. It is unlikely that Blackwelder will be subjected to the same action. Blackwelder's challenge to the NCBOE initially evaded review due to his own self-inflicted error—his untimely challenge. See [D.E. 13] ¶¶ 6–9; [D.E. 13-3] 2–5; [D.E. 13-4] 2–8; [D.E. 13-5] 1–2, 11. If Blackwelder followed the procedures to challenge a candidate and file an election protest, the NCBOE would have heard his challenge and addressed it through the NCBOE's procedures for election challenges. See N.C. Gen. Stat. §§ 163-127.2, 163-182.9. Although future issues may occur concerning a dispute over the placement of particular candidates on primary and general election ballots, the NCBOE provides procedures to review such issues. See N.C. Gen. Stat. §§ 163-127.2, 163-182.9; [D.E. 13-3] 17–26. Moreover, Blackwelder does not argue that this court should displace any person duly elected. See [D.E. 1, 15]. Thus, because the election has passed and the court cannot grant any effective relief and no exceptions to the mootness doctrine apply, the court dismisses as moot Blackwelder's action. See, e.g., Cnty. of L.A. v. Davis, 440 U.S. 625, 631–32

4

(1979); Speer, 847 F.2d at 311; cf. In re Protest of Whittacre, 228 N.C. App. 58, 59, 743 S.E.2d 68, 69 (2013).

Alternatively, Blackwelder lacks standing to sue. A plaintiff establishes standing by showing: (1) injury-in-fact, that the plaintiff has "'suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical'"; (2) traceability, that "'a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not ... the result of the independent action of some third party not before the court'"; and (3) redressability, that it is "'likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision'" from the court. Chambers Med. Techs. of S.C., Inc. v. Bryant, 52 F.3d 1252, 1265 (4th Cir. 1995) (alterations omitted) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)); see Spokeo, Inc. v. Robins, 578 U.S. 330, 337–38 (2016). These requirements are "the irreducible constitutional minimum of standing." Lujan, 504 U.S. at 560; see Spokeo, Inc., 578 U.S. at 337–38. If a plaintiff does not have standing, the court does not have subject-matter jurisdiction to hear the plaintiff's claim. See, e.g., Lujan, 504 U.S. at 560–61; White Tail, 413 F.3d at 459; Payne v. Sears, Roebuck & Co., No. 5:11-CV-614, 2012 WL 1965389, at *2–3 (E.D.N.C. May 31, 2012) (unpublished).

Blackwelder does not have standing to sue. As for injury-in-fact, Blackwelder alleges without more that the NCBOE's disparate treatment of candidates based on their political party affiliation has harmed his constitutional rights. See [D.E. 1] ¶¶ 42–59. If Blackwelder has any injuries, however, those injuries are self-inflicted. Blackwelder's candidate challenge was untimely, and between his untimely candidate challenge and the November 2022 general election, Blackwelder had ample time to bring a timely general election challenge. Accordingly, Blackwelder's naked

5

assertions and his own mistakes and lack of action have not demonstrated injury in fact caused by any action of the NCBOE.

Even assuming that Blackwelder met the first two standing requirements, Blackwelder's alleged injuries are not redressable by the remedies he seeks. Blackwelder primarily seeks declaratory relief, requesting that the court direct the NCBOE to remove Freeman from the ballot and place the runner-up Democratic nominee, Damon Cheston, on the ballot. See [D.E. 1] ¶ 70. The court has no authority to add a replacement candidate to a state election ballot after another candidate is disqualified. Under North Carolina law, if a candidate such as Freeman were disqualified, only the district executive committee of the candidate's party may select a replacement candidate. See N.C. Gen. Stat. § 163-114(a). Accordingly, the court grants defendant's motion to dismiss.

III.

In sum, the court GRANTS defendant's motion to dismiss [D.E. 11] and DISMISSES WITHOUT PREJUDICE the action. The clerk shall close the case.

SO ORDERED. This 29 day of December, 2022.

JAMES C. DEVER III
United States District Judge